Julio ASENCIO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76739.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 3, 2008.

506

Marc Van Der Hout, Van Der Hout Brigagliano & Nightingale, LLP, San Francisco, CA, Stacy Tolchin, Van Der Hout Brigagliano & Nightingale, LLP, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Terri Jane Scadron, Hillel Smith, Kathryn L. DeAngelis, for Respondent.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,* District Judge.

MEMORANDUM **

Julio Asencio petitions for review of a final order of removal issued by the Board of Immigration Appeals (Board) on December 14, 2004. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

■ Asencio first argues that his Notice to Appear was defective because it did not contain a legible signature. This argument is foreclosed by *Kohli v. Gonzales,* 473 F.3d 1061, 1067–68 (9th Cir.2007) (rejecting identical argument on the ground that no "statute or regulation requires the inclusion of the name and title of the issuing officer").

* The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Second, Asencio argues that the immigration judge (IJ) was precluded from considering his birth certificate to prove alienage, because he submitted it as an attachment to his asylum application in 1994, and the regulations in effect, at the time, provided that "[a]n application under this section ... shall not be held to constitute a concession of alienage or deportability." 8 C.F.R. § 242.17(e) (1994). Asencio never raised this argument to the Board, and we therefore lack jurisdiction to consider it on appeal. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). In any event, the regulations in place in 1994 did not clearly preclude the use of *external* documents submitted to the IJ during a hearing along with an alien's asylum application.

■ Third, Asencio argues that the IJ improperly relied on his birth certificate to establish alienage because it was not properly certified under 8 C.F.R. § 287.6(b)(1). Because Guatemala is not a signatory to the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, section 287.6(b)(1) requires that all legal documents from the country, in order to be admissible, must either be "an official publication" or a copy attested by an authorized officer. Asencio argues that there is no evidence that the IJ in this case considered an *original* official birth certificate. At Asencio's hearing, the IJ stated:

> I have been handed a birth certificate with translation in the name of Julio Asencio, born August 24, 1960. The translation doesn't say what country, has a lot of localities listed. Let me just see if I can tell from the, what appears to carry the seal of the Republic of Guatemala, on the original. It appears to indicate birth in Guatemala.

Asencio invites us to speculate that the IJ did not in fact hold in her hand an original

as she specifically stated she did. Instead, he argues that "in this context 'original' could just as easily be understood to mean a photocopy of the original."

Under a "well established principle of federal law ... administrative agencies are entitled to a presumption that they act properly and according to law." *Kohli,* 473 F.3d at 1068 (internal quotation marks omitted). In this case, the IJ stated specifically that she was holding an *original* of Asencio's birth certificate. We have no reason to assume that the IJ meant anything other than what she said. This is particularly true since Asencio's counsel never raised any objection or took a position that the court was relying on a copy in lieu of the original. If the IJ was in fact improperly relying on a photocopy, it was incumbent on Asencio's counsel to raise the issue at the hearing, rather than waiting to ask this court to infer error based on speculation. We can only rely on the record before us.

■ Fourth, Asencio argues that the IJ erred by taking administrative notice of changed country conditions in Guatemala, without providing notice to him at the hearing. The government concedes that the IJ erred, based on our decision in *Circu v. Gonzales,* 450 F.3d 990, 993–94 (9th Cir.2006) (en banc). Nevertheless, Asencio has not demonstrated any prejudice from the IJ's error. Unlike the petitioner in *Circu,* Asencio never made out a viable claim of past persecution based on a protected ground. Moreover, the IJ concluded that Asencio had failed to demonstrate a well-founded fear of future persecution, even without considering changed country conditions in Guatemala. Thus, the IJ's failure to provide Asencio with notice was harmless.

■ Finally, Asencio argues that the Board violated section 240(b)(4)(C) of the

Immigration and Nationality Act, by deciding his appeal on an incomplete record. Asencio's entire argument stems from a single statement made by the IJ at a hearing on January 4, 1999. At the conclusion of the hearing, the IJ stated, "[t]he case will be put over till June 2, 2000, at 8:30." Asencio argues that because there is no transcript of a June 2 hearing, the record must be incomplete. There is no evidence, however, that a hearing actually *took place* on June 2, 2000. Asencio's hearing was rescheduled at least twice after January 4, 1999. The IJ eventually conducted Asencio's hearing on November 20, 2003, during which time she listed the procedural history of the case and made no mention of any activity between 1999 and 2003. Given the "presumption of regularity [that] attaches to the actions of Government agencies," *Adams v. U.S.*, 350 F.3d 1216, 1228 (Fed.Cir.2003) (internal citation and quotation marks omitted), we conclude that no hearing took place on June 2, 2000 and the record is complete.

**PETITION FOR REVIEW DENIED.**

GRABER, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent concerning the authenticity of the birth certificate. The IJ's statements referring to the "original" are ambiguous at best, because it appears from context that she was contrasting the "original in Spanish" with the "translation in English." Petitioner objected *to the BIA* that the birth certificate was not properly authenticated, but the BIA failed to address the issue in any way. I therefore would grant the petition in part and remand to the BIA to consider, in the first instance, whether the birth certificate was

properly authenticated in accordance with then-governing law. *INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). I otherwise concur in the majority disposition.